IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeffrey Niko Grimes, ) | C/A No. 0:15-2131-BHH-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Joseph McFadden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

  Petitioner Jeffrey Niko Grimes, a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the respondent's motion for summary judgment.  (ECF No. 13.)  Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Grimes was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion.  (ECF No. 15.)  Grimes filed a response in opposition to the respondent's motion.  (ECF No. 18.)  Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Grimes's Petition denied.

### BACKGROUND

  Grimes was indicted in September 2012 in Orangeburg County for attempted murder (2012GS38-1259).  (App. at 100-01, ECF No. 14-1 at 102-03.)  Grimes was represented by Mark Wise, Esquire, and on November 15, 2012 pled guilty to assault and battery of a high and aggravated

nature. The circuit court sentenced Grimes to eighteen years' imprisonment. (App. at 21, ECF No. 14-1 at 23.)

Grimes filed a direct appeal (ECF No. 14-2), which the South Carolina Court of Appeals dismissed pursuant to South Carolina Appellate Court Rule 203(d)(1)(B)(iv). (ECF No. 14-3.) Grimes then filed an application for post-conviction relief ("PCR"). Following a hearing, the state circuit court denied Grimes's PCR application. Grimes, through counsel, filed a Johnson[1] petition for a writ of certiorari with the South Carolina Supreme Court, which was denied. This action followed.

## FEDERAL HABEAS ISSUE

Grimes's federal Petition for a writ of habeas corpus, as amended, raises the following issue:

**Ground One:** Sixth Amendment violation of the (U.S. Constitution) Right to Speedy Trial, Witnesses, etc. [*sic*] – (Effective Assistance of Counsel.
**Supporting Facts:** This case is a clear case where there was been a violation which constitutes a denial of fundamental fairness shocking to the universal sense of justice. The deprivations that are constitutional that this country was founded upon. This petition is for a (State Habeas Corpus) – which is my last state-court remedy.

(Am. Pet., ECF No. 12-2 at 5) (errors in original).

---

[1] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.



# DISCUSSION

A.     **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.  Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g.,



Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 562 U.S. 86, 100 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).



"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 562 U.S. at 101 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 562 U.S. at 103). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington, 562 U.S. at 101. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 98 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 102. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. at 102-03 (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

C.    **Summary Judgment Motion**

The crux of Grimes's Amended Petition is that plea counsel was ineffective in connection with Grimes's guilty plea and therefore his guilty plea was not voluntary. Grimes alleges that "he understood the terms of the guilty plea to be that he would plead to assault and battery of a high and aggravated nature with a (10)-ten-year cap on sentencing." (ECF No. 12 at 5-6.) Grimes argues that had he known that he was entering an open plea without recommendation or negotiation of sentencing, he would have elected to go to trial.

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that plea counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. However, to prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, the Strickland test is "some what different." Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000). To establish the prejudice prong of the Strickland test, a habeas petitioner who pleaded guilty must show " 'that there is a reasonable probability that, but for counsel's errors, he would not



have pleaded guilty and would have insisted on going to trial.' " Id. (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (discussing the Strickland v. Washington standard to establish ineffectiveness of counsel in the context of a guilty plea).

The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 562 U.S. at 105. The Court observed that while " '[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 559 U.S. 356, 371 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

The Supreme Court has held that a decision containing a reasoned explanation is not required from the state court. As stated above, if no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. In the case at bar, this court has the benefit of the PCR court's written opinion, certiorari review of which was denied by the South Carolina Supreme Court, which may provide reasons or theories that the appellate court could have relied upon in summarily denying Grimes's petition. Therefore, the court will first consider whether the PCR court's order unreasonably misapplied federal law or was based on an unreasonable determination of the facts. Having reviewed the PCR

court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state court did not unreasonably misapply the Strickland/Hill test in determining that no Sixth Amendment violation occurred.

As summarized by the PCR court, Grimes and his plea counsel testified at the PCR hearing. The PCR court observed that Grimes stated that plea counsel explained to him the elements of the charge and the potential sentences and reviewed the discovery materials. The PCR court further stated that Grimes

> testified that he is guilty and he did shoot the victim, his girlfriend, five times while she was in the shower. He testified that he thought he should have been charged with Criminal Domestic Violence of a High and Aggravated Nature, not Attempted Murder. He testified that Counsel reviewed the statutes with him and explained why he was charged with Attempted Murder based on the facts of the case.
> He testified that he asked Counsel to secure him a favorable plea deal for ten years imprisonment to a lesser included offense. He testified that he thought he was pleading guilty to Assault and Battery of a High and Aggravated Nature for a negotiated ten year sentence. He acknowledged that he signed the sentencing sheet with the appropriate box checked for "Without Negotiations or Recommendations" and that he told the plea court that he knew his plea was without negotiations or recommendations. He elaborated that he thought Counsel would clarify that there was a negotiation for a ten year sentence and he was surprised when he received an eighteen year sentence.

(App. at 93, ECF No. 14-1 at 95.) The PCR court then discussed plea counsel's testimony, which it summarized as follows:

> [Plea counsel] testified that he met with Applicant numerous times, during which he explained the charges Applicant was facing, potential sentences, the General Session process, Applicant's background, and the facts of the case. He testified that he initially discussed self-defense with Applicant, but quickly realized that this was not a viable defense because the victim was in the shower, unarmed, and could not reach any weapons. He testified that Applicant never wanted to proceed to trial and told him this several times. He testified that he discussed the possible charges of Criminal Domestic Violence of a High and Aggravated Nature and Assault and Battery – First Degree with Applicant at length and reviewed the statutes as well. He testified that Applicant was appropriately charged and indicted based on the facts, but was attempting to negotiate with the State for a lesser included offense. He testified



> that he was able to secure a plea offer for the lesser included offense of Assault and Battery of a High and Aggravated Nature, which significantly reduced his sentence exposure. He testified that he tried to get the State to agree to Criminal Domestic Violence of a High and Aggravated Nature or Assault and Battery – First Degree, but that the State refused to reduce the charges any further. He testified that the plea offer was without any negotiation or recommendation as to sentence length, which he explained to Applicant. He testified that Applicant understood that he could receive up to a twenty year sentence. He adamantly denied that he ever told Applicant that ten years was a likely sentence.

(App. at 93-94, ECF No. 14-1 at 95-96.)

The PCR court reasonably found under the Strickland/Hill standard that plea counsel's performance did not fall below the standard required and there was no resulting prejudice to Grimes. Specifically, in denying and dismissing Grimes's application, the PCR court found plea counsel's testimony to be credible and afforded it great weight and found Grimes's testimony lacked credibility. (App. at 94-95, ECF No. 14-1 at 96-97.) Further, the PCR reasonably found as follows:

> Counsel's credible testimony reveals that he met with Applicant numerous times, explained all elements and possible sentences of the offense to Applicant, reviewed all possible lesser included offenses and sentence with Applicant, and negotiated the most favorable plea offer possible at Applicant's request. This Court is not persuaded by Applicant's assertions that there was a negotiated offer for a ten year sentence, as this is sharply refuted by the guilty plea transcript, sentencing sheet, and testimony from Counsel. This Court finds that Counsel's performance was reasonable according to professional standards and, therefore, did not perform deficiently in regards to this allegation. Furthermore, this Court finds that Applicant cannot establish any resulting prejudice, as there is no reasonable probability that he would have insisted on going to trial absent Counsel's advice. Applicant testified that he was guilty and wanted to plead guilty. Furthermore, Applicant was sentence[d] within the appropriate statutory range.

(App. at 96, ECF No. 14-1 at 98.)

In fact, the plea transcript reflects that the plea judge's discussions with Grimes included, in pertinent part, asking if Grimes understood he was indicted for attempted murder, which carries a maximum sentence of thirty years in prison; stating that the State indicated a willingness to accept

Page 9 of 14



a plea to assault and battery of a high and aggravated nature, which carries a maximum sentence of twenty years in prison and is a violent crime; and informing Grimes that, by pleading guilty, Grimes was giving up certain important constitutional rights.  Grimes stated that he understood all of these things.  (App. at 6-8, ECF No. 14-1 at 8-10.)  Further, Grimes stated that he understood that by pleading guilty, he was admitting the truth of the charge and was, in fact, guilty of the charge.  The plea judge specifically asked Grimes, "Other than the reduction in charge, has anyone promised you anything to get you to plead guilty," to which Grimes responded, "No, sir, Your Honor."  (App. at 8, ECF No. 14-1 at 10.)  Additionally, Grimes has repeatedly admitted that he committed the crime (App. at 18, 64-65, ECF No. 14-1 at 20, 66-67), which involved Grimes shooting the victim five times while the victim was in the shower.  (App. at 9-11, ECF No. 14-1 at 11-13.)

Upon thorough review of the parties' briefs and the record in this matter, the court finds the PCR court's analysis to be reasonable and concludes that Grimes cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the Supreme Court in rejecting this claim or that the PCR court made objectively unreasonable factual findings.  See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d), (e)(1).  Thus, Grimes cannot show "there was no reasonable basis" for the state appellate court to deny relief.  Harrington, 562 U.S. at 98.  As observed by the Harrington court, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable.  This is different from asking whether defense counsel's performance fell below Strickland's standard."  Harrington, 562 U.S. at 101.

As stated above, the PCR court found plea counsel's testimony to be credible and afforded it great weight and found Grimes's testimony lacked credibility.  (App. at 94-95, ECF No. 14-1 at 96-97.)  Grimes's arguments in support of his Amended Petition appear to rely almost exclusively

on Grimes's testimony in support of his allegations of ineffective assistance of plea counsel—specifically, Grimes's testimony regarding his discussions with plea counsel that he was entering a guilty plea with the understanding of receiving a ten-year maximum sentence. However, despite Grimes's adamant position that these conversations occurred and that this was his understanding at the time of the guilty plea, he has failed to challenge the PCR court's credibility findings. Moreover, Grimes has not provided any information to clearly show that the credibility determinations in the PCR court's order are without support. See Elmore v. Ozmint, 661 F.3d 783, 850 (4th Cir. 2011) ("We must be 'especially' deferential to the state PCR court's findings on witness credibility, and we will not overturn the court's credibility judgments unless its error is 'stark and clear.' ") (quoting Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010) and Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008)).

Upon careful review of the record and the PCR court's order, for all of the reasons discussed by the PCR court, the court concludes that Grimes has failed to establish that plea counsel's actions were error, much less that they were objectively unreasonable such that it rendered his performance deficient. Grimes's arguments fail to demonstrate that any of the PCR court's findings were unreasonable, nor have they shown that the PCR court's analysis of these issues misapplied clearly established federal law or, even if there was an error, that it was unreasonable. See Williams, 529 U.S. at 410; see also Harrington, 562 U.S. at 101. Accordingly, the respondent's motion for summary judgment should be granted.

**D.     Other Motions**

Also pending before the court is Grimes's motion seeking for the court to grant his Amended Petition based on his assertion that the respondent did not timely file an answer. (ECF No. 17.)

Essentially, Grimes appears to be seeking a default judgment; however, default judgments are generally not available in habeas actions. See Bermudez v. Reid, 733 F.2d 18, 21 (2d Cir. 1984) (reasoning that "were district courts to enter default judgments without reaching the merits of the claim, it would be not the defaulting party but the public at large that would be made to suffer"); see also Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims in a petition for habeas corpus does not entitle the petitioner to a default judgment."); Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987) (noting that "a default judgment is not contemplated in habeas corpus cases"); Allen v. Perini, 424 F.2d 134, 138 (6th Cir. 1970) ("Rule 55(a) has no application in habeas corpus cases."); Garland v. Warden, C/A No. 4:08-1668-JFA-TER, 2008 WL 4834597 (D.S.C. 2008). Moreover, review of the docket reveals that the respondent did in fact timely file the return within the deadline established by the court. (See ECF Nos. 8, 13, & 14.) Accordingly, Grimes's request that his Amended Petition be granted on this basis should be denied.

Grimes also seeks an evidentiary hearing on this Amended Petition (see ECF No. 18 at 15, ECF No. 25) and moves for the court to appoint counsel to represent him at this hearing. (ECF No. 21.) However, a federal evidentiary hearing is permissible for a particular claim only if, among other requirements, the claim was not "adjudicated on the merits by a state court." Cullen v. Pinholster, 563 U.S. 170 (2011). If it was, a state prisoner is limited to "the record that was before that state court" in seeking federal habeas relief. Id.; see also 28 U.S.C. § 2254(d)(2). In this case, Grimes has failed to establish any exception to the general rule that review for habeas corpus purposes is generally limited to the evidence that was placed before the state court. See Cullen, 131 S. Ct. at 1400-01; see also 28 U.S.C. § 2254(e)(2). Therefore, Grimes's requests for an evidentiary hearing

PJG

should be denied (ECF No. 25), and his request for appointment of counsel at such a hearing should be denied as moot. (ECF No. 21.)

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 13) be granted and Grimes's Petition denied. The court further recommends that Grimes's motion to grant his Amended Petition (ECF No. 17) and motion for an evidentiary hearing (ECF No. 25) be denied, and that his motion for appointment of counsel at the evidentiary hearing (ECF No. 21) be denied as moot.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 30, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).