UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeffrey Niko Grimes, #353213,<br><br>    Petitioner,<br>vs.<br><br>Joseph McFadden, Warden,<br><br>    Respondent. | Civil Action No.: 0:15-2131-BHH<br><br><br>**Opinion and Order** |

Petitioner, Jeffrey Niko Grimes, ("Petitioner"), proceeding *pro se,* filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d), D.S.C., the action was referred to United States Magistrate Judge Paige J. Gossett, for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge Gossett recommends that Respondent's Motion for Summary Judgment be granted and Petitioner's § 2254 petition be dismissed. (ECF No. 30.) She further recommends that Petitioner's motion to grant his Amended Petition and motion for an evidentiary hearing be denied, and that Petitioner's motion for appointment of counsel at the evidentiary hearing be denied as moot. (*Id.*) The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## **BACKGROUND**

Petitioner filed this action against Respondent alleging ineffective assistance of counsel. On November 30, 2015, the Magistrate Judge issued a Report; and on December 9, 2015, Petitioner filed his Objections. (ECF No. 34.) Having carefully

1

reviewed the record, the Court finds that the Magistrate Judge has accurately and adequately summarized the disputed and undisputed facts relevant to this action. The Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.[1]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

The Magistrate Judge first addressed Respondent's motion for summary judgment. She provided a detailed account of the state court's treatment of Petitioner's

---

[1] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

claims and correctly concluded that the findings of the state court were reasonable and that Petitioner failed to carry his burden of establishing counsel was ineffective as required by *Strickland v. Washington*, 466 U.S. 886 (1984), and its progeny. (ECF No. 30.)

The Magistrate Judge then addressed Petitioner's various motions. She denied Petitioner's motion to grant his Amended Petition, correctly stating that "default judgments are generally not available in habeas actions." (ECF No. 30 at 12 (citing, e.g., *Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984) (reasoning that "were district courts to enter default judgments without reaching the merits of the claim, it would be not the defaulting party but the public at large that would be made to suffer")).). The Magistrate Judge then denied Petitioner's motion for an evidentiary hearing, correctly stating that Petitioner had "failed to establish any exception to the general rule that review for habeas corpus purposes is generally limited to the evidence that was placed before the state court." (ECF No. 30 at 12 (citing *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011); 28 U.S.C. § 2254(e)(2)).) Accordingly, she properly found Petitioner's motion to appoint counsel at the evidentiary hearing to be moot.

Petitioner's objections consist of nothing more than arguments that the Magistrate Judge has already considered and rejected. Thus, the Court is tasked only with review of the Magistrate Judge's conclusions for clear error. Because the Court agrees with the cogent analysis by the Magistrate Judge, it need not extensively discuss those same issues for a second time here. Therefore, the Court will overrule Petitioner's objections.

**CONCLUSION**

After a thorough review of the Report, the record, and the applicable law, the Court finds that Petitioner's objections are without merit and the Magistrate Judge's conclusions evince no clear error. Accordingly, for the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's objections and adopts the Report and incorporates it herein. It is therefore ORDERED that Respondent's motion for summary judgment (ECF No. 13) is GRANTED, Petitioner's Motion to grant his Amended Petition (ECF No. 17), Motion for an evidentiary hearing (ECF Nos. 18 at 15; 25), and Motion to appoint counsel at the evidentiary hearing (ECF No. 21) are each DENIED, and Petitioner's § 2254 petition is DISMISSED *with prejudice*.

CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . .only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability. . . shall indicate which specific issue or issues satisfy the showing required in paragraph (2).

28 U.S.C. § 2253 (c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S, 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F. 3d 676, 683 (4th Cir. 2011).

In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of deniability is DENIED.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

January 26, 2016
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.